# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GABRIEL CHAVEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06 C 6983 ) |
| CHICAGO MEAT MARKET, INC., Et Al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Gabriel Chavez's ("Chavez") motion for summary judgment as to liability. For the reasons stated below, we deny the motion for summary judgment.

## BACKGROUND

Chavez alleges that he was employed by Defendant Chicago Meat Market, Inc. ("CMM") and that Defendant Vasiliki Tountas and Defendant Patrick Tountas ("P. Tountas") are officers and principal shareholders of CMM. Chavez alleges that he regularly worked in excess of forty hours per week and that he was not paid overtime wages as were required under the law. Chavez brought the instant action

1

and includes in his amended complaint a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, claim (Count I), and a claim alleging a violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq. (Count II). Chavez now moves for summary judgment solely on the liability issue of whether Defendants violated the FLSA and the IMWL. Defendants have not moved for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting in part Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment

is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Chavez argues that the evidence shows that he was paid a fixed weekly salary regardless of the number of hours he worked. Chavez argues that Defendants were required to pay him overtime wages according to the amount of hours he actually worked and not according to a fixed preset arrangement.

The FLSA provides that, with certain exceptions, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The IMWL provides

that, with certain exceptions, "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).

Chavez contends that CMM is not an employer that is exempted from the applicable provisions of the FLSA and the IMWL. Defendants do not argue otherwise in their answer to the instant motion. Defendants also admit, pursuant to Local Rule 56.1, that CMM is an employer subject to both the FLSA and the IMWL and that Chavez is a covered employee. (R SF Par. 3-6, 10). Therefore, Defendants were obligated to pay Chavez at least 1 1/2 times his regular rate for any overtime hours that he worked pursuant to the FLSA and the IMWL. 29 U.S.C. § 207(a)(1); 820 ILCS 105/4a.

There is a dispute between the parties as to the issue of overtime compensation. Chavez claims that Defendants violated the law regarding overtime compensation because Defendants paid him for the same overtime hours every week in addition to his 40 hours of regular pay. Defendants argue that they paid Chavez overtime compensation and that the overtime compensation is reflected on Chavez's paychecks. Defendants point out that Chavez's employment records indicate that each week Chavez was paid for 40 hours of work and 17 hours of overtime. (Ans. 4). Defendants contend that the notations on Chavez's paychecks specifically indicate that Chavez was paid for 17 hours of overtime. (Ans. 5-6). It is unclear as to the hours of overtime Chavez in fact worked every week. Defendants contend that

P. Tountas discovered that Chavez "was leaving early" on some unspecified occasions and that Chavez was "not putting in all the hours for which he was being compensated." (Ans. 7). The Defendants also contend that Chavez has not provided sufficient evidence concerning his wages. While Chavez has presented some evidence concerning overtime hours worked, he has not presented sufficient evidence that would establish that he is entitled to judgment as a matter of law. Therefore, we deny the motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, we deny Chavez's motion for summary.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: February 1, 2008